**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 2011-CV-01875-LTB-KMT

SHERYL T. ENGLEBY AND ROBERT T. ENGLEBY,

    Plaintiffs,

vs.

MATTHEW KAMINSKI,

    Defendant.

---

## PROTECTIVE ORDER

---

1. On this day came before the Court Plaintiffs' Stipulated Motion for Protective Order.  The Court, being fully apprised of the circumstances of the particular case, finds that a protective order consistent with the parties' request serves the interests of justice and provides adequate protection against the public disclosure of confidential and private information.  Accordingly, it is ORDERED:

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: financial information, business records, personal or business tax documents, medical records, real estate documents not publically available, landlord tenant agreements, contracts to purchase or sell real estate,

mortgage documents, and similar documents, all of which are considered private, confidential, and/or trade secrets.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

   d. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      i. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      ii. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

      iii. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either

2

verbally or in writing, to any other person, entity or government

agency unless authorized to do so by court order.

4. If opposing counsel objects to the designation of certain information as

Confidential Information, he or she shall promptly inform the other parties'

counsel in writing of the specific grounds of objection to the designation.  All

counsel shall then, in good faith and on an informal basis, attempt to resolve

such dispute.  If after such good faith attempt, all counsel are unable to resolve

their dispute, opposing counsel may move for a disclosure order consistent with

this order. Any motion for disclosure shall be filed within 14 days of receipt by

counsel of notice of opposing counsel's objection, and the information shall

continue to have Confidential Information status from the time it is produced until

the ruling by the Court on the motion.

5. Use of Confidential Information in Court Proceedings:  In the event Confidential

Information is used in any court filing or proceeding in this action, including but

not limited to its use at trial, it shall not lose its confidential status as between the

parties through such use. Confidential Information and pleadings or briefs

quoting or discussing Confidential Information will not be accepted for filing

"under seal" or otherwise kept out of the public record in this action, however,

except by court order issued upon motion of the party seeking to file the

documents under seal.  Any motion requesting leave to file documents under

seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and

demonstrate that the Confidential Information at issue is entitled to protection

under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435

U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and  *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

6. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

7. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

8. Upon termination of this litigation, including any appeals, each Party's counsel shall secure destruction of, or immediately return to the producing party, all Confidential Information provided subject to this Protective Order.

9. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated this 31st day of January, 2012

By the Court:

_____

United States Magistrate Judge